*# 5 filing fee, receipt # 52-2073*

```
_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

          MAY 2 2 2023   JC

              AT SEATTLE
        CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

KURT BENSHOOF,
A.R.W. by and through his father
KURT BENSHOOF,

                              Petitioners,

              v.

DAVID KEENAN, ADRIAN DIAZ,
JESSICA OWEN,

                              Respondents.

NO. **23-cv-751-RAJ**

**VERIFIED PETITION FOR
COMMON LAW WRIT OF
HABEAS CORPUS**

*[Clerk's Action Required]*

## I.    INTRODUCTION

COMES NOW Kurt Benshoof ("petitioner") and 14-year-old A.R.W., by and through his

father Kurt Benshoof, bringing this joint petition to bring a just and expeditious end to their

unlawful imprisonment.  Respondent Jessica Owen ("Owen") is the mother of A.R.W.

Respondent David Keenan ("Keenan") presided over the parentage action brought by Owen in

King County Family Court ("Family Court") and is named in his official and individual capacity.

Respondent Adrian Diaz ("Diaz") as Chief of the Seattle Police Department, is responsible for

enforcing the unlawful imprisonment of petitioners in his official and individual capacity.

Petitioner has exhausted remedy within the state courts of Washington, in which he

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 1 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

cannot appeal the *ultra vires* and *void ab initio* orders from King County Family Court ("Family Court").

Respondents, and those acting under their alleged authority, have systematically violated the First Amendment protections safeguarding the right of association between Petitioner and A.R.W. The unlawful imprisonment of petitioners is a proximate result of respondents' invidious discrimination against petitioner's minority religious beliefs in violation of 42 U.S.C. § 1983. This has caused grievous and irreparable harm that shocks the conscience; it has been ongoing for more than 600 days.

Additionally, state courts, including the Supreme Court of Washington, have perpetrated the *de facto* suspension of habeas corpus to remedy civil unlawful imprisonment arising from Washington family courts; Petitioner thus seeks remedy in federal court as the means of last resort.

With respect for this Court's time, and in acknowledgment of Fed. R. Civ. P. 8(a), Petitioner has provided sworn affidavits from A.R.W. and himself, a brief in support of this petition, and supplemental evidentiary exhibits that permit further examination and inquiry by this Court.

Owen cut off A.R.W. from contact with friends and family members, taking his phone away, and prevented any prospective attorney from contacting A.R.W. to provide legal representation to end his unlawful imprisonment. As such, A.R.W. has no other legal recourse to end the restraints upon his liberty than by and through his father in this action. Extraordinary circumstances necessitate extraordinary remedy. The writ of habeas is the failsafe of liberty.

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 2 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

An analysis of controlling and advisory case law, statutes, and doctrines that may potentially be argued in Answer is provided in petitioner's Brief in Support.

## II.    JUDICIAL NOTICE

Petitioner is not an attorney; this petition for Writ of Habeas Corpus, "however unartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." A *pro se* pleading is presumed to be "liberally construed to do substantial justice." *Haines v. Kerner*, 404 U.S. 519 (1972).

## III.    ASSOCIATED CASES

Petitioner has been forced to take numerous legal actions to defend against Owen's threats and crimes to seize custody of A.R.W., steal Petitioner's car, and evict petitioner from his home and church. Every court action initiated by petitioner has been as his remedy of last resort.

### A. Federal District Court

1) No. 22-2-cv-01281-lk

Plaintiff Kurt Benshoof did not have time and resources to amend his complaint within the thirty days allotted by the Court's order granting leave to amend; the suit was thereafter dismissed without prejudice.

### B. Supreme Court of Washington

1) No. 101964-5

Petitioner's petition for writ of habeas corpus was denied on May 8, 2023. There is no grounds for appeal under the Rules of Appellate Procedure ("RAP") as the appellate court, which includes the Supreme Court of Washington and the Court of Appeals under RAP 1.1(d), will not

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 3 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

grant relief to petitioner pursuant to RAP 16.4(d) as the unlawful restraint of petitioners is civil and cannot be granted under RCW 10.73.090, or .100. Therefore, petitioner cannot appeal.

## C. Washington Court of Appeals, Division One

1) No. 85092-0

Petitioner has filed notice of appeal of the dismissal of King County Superior Court Case No. 22-2-15958-8, challenging the rulings and orders of the Court.

## D. King County Superior Court

1) No. 21-2-11149-8 SEA

Owen's first fraudulent, perjurious and barratrous petition for order of protection against Benshoof was heard on September 3, 2021, denied in full.

2) No. 21-2-12270-8 SEA

On September 15, 2021, petitioner sought an order of protection enjoining Owen from withholding A.R.W. from petitioner after SPD refused to take petitioner's complaint of custodial interference by Owen. The Court denied the petition. Petitioner did not bring a parentage action at the Court's suggestion, as petitioner did not want Family Court to impair the obligations of the parenting Agreement. Petitioner cannot appeal.

3) No. 21-5-00680-6 SEA

On or around September 22, 2021, Owen initiated a fraudulent, perjurious and barratrous family court action, by and through her family law attorney, Cliber. Final orders were issued by Family Court on October 21, 2022. Petitioner cannot now appeal those orders.

4) No. 22-2-11112-7 SEA

Petitioner brought a petition for writ of replevin against Owen to effectuate the return of his stolen car after SPD had refused to act upon petitioner's sworn complaints as a witness to

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 4 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Owen's felony theft of petitioner's car and felony extortion.  Owen retained counsel, and petitioner's car was finally returned after more than eight (8) months.

5) 22-2-03826-8 SEA

Petitioner sued Owen for her fraudulent attempts to deny petitioners equity ownership in the house they bought together, as Owen has attempted to also eject petitioner from his home and church.  Petitioner is represented by attorney Ann LoGerfo in this matter, which will likely be brought before the Washington Court of Appeals, Division I.

6) No. 22-2-02932-2 SEA

Petitioner's claim of fraud against Owen, regarding his home and church, was consolidated with No. 22-2-03826-8, and is being litigated by Ann LoGerfo.

7) No. 22-2-15958-8 SEA

Petitioner sued Owen, her family attorney, her fiance' and a friend for defamation and abuse of process related to the theft and attempted extortion of petitioner for the return of his stolen.  All causes of action were dismissed with prejudice.  Petitioner has filed notice of appeal in No. 85092-0 in the Washington Court of Appeals, Division I.

**E. Seattle Municipal Court**

1) No. 669329

City of Seattle ("City") filed charges in November 2023 against petitioner for allegedly violating a Family Court protection order that petitioner contends was *void ab initio*.  This case is still pending, and petitioner maintains his absolute innocence of any wrongdoing whatsoever.

2) No. 671834

The City filed eighty-nine (89) charges against petitioner for allegedly violating the

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 5 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Family Court protection order.  A $250,000 arrest warrant was issued on March 14, 2023, for petitioner's immediate arrest; the warrant stipulates that in the event petitioner is able to post bail, he will only be released under house arrest with an ankle-monitor.  This case is pending and petitioner maintains his absolute innocence of any wrongdoing whatsoever.

## IV.    SWORN STATEMENTS OF FACT

Petitioner incorporates by reference as if fully re-stated herein his Affidavit in Support of Verified Petition for Writ of Habeas Corpus, petitioner's sworn statements attached as Exhibits P1A, P1B, P2A, P2B, P15A-E, P19A, P19B, P22A-C, P23B, P23C, P23G, P24, P27A-D, and P19C Affidavit of [A.R.W.].  P19C includes a verified power-of-attorney in which A.R.W. explicitly authorized his father to act on A.R.W.'s behalf.  Additionally, sworn statements of Owen which evince her perjury, fraud, and barratry in Family Court are included as Exhibits P4A, P9B, P9C, P9D,

In 2021, Owen perpetrated common law fraud by violating the 12-year parenting agreement at common law ("Agreement") between Owen and Petitioner.  Owen then threatened Petitioner in writing that she would seize custody of A.R.W., steal Petitioner's car, and evict Petitioner from his home.  Owen and her girlfriend, Magalie Lerman ("Lerman"), then took action to effectuate Owen's threats; Lerman stole Petitioner's car with A.R.W. inside on September 3, 2021.  Petitioner has not had custody of A.R.W. since that day.

Owen, by and through her family law attorney, Nathan Cliber ("Cliber"), initiated a fraudulent and barratrous parentage action in Case No. 21-5-00680-6 to seize custody of A.R.W. and deny Petitioner's rights as the father of their son.  Owen thereafter engaged in abuse of process, attempting to extort $19,000 from Petitioner for the return of his stolen car, while Cliber dangled

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 6 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

1   a proposal allowing Petitioner eight days per month with A.R.W.  When Petitioner refused to be

2   extorted, Owen threatened to sell his car, and the proposal of eight days per month with his son

3   was withdrawn.

4       King County Family Court ("Family Court") did not have subject matter jurisdiction to

5   adjudicate matters involving Petitioner and A.R.W., yet Family Court ignored Petitioner's repeated

6   objections.  His motions to dismiss were denied.  His petition for writ of habeas corpus was denied.

7       Without providing legal notice and opportunity to Petitioner, Family Court effectively held

8   a trial *in absentia* on October 21, 2022; the final order from Family Court criminalized any contact

9   between Petitioner and A.R.W. until September 2027, five months after A.R.W.'s 18th birthday.

10  An appeal of the Family Court's final orders is not available to Petitioner.  Petitioner's motion to

11  vacate the void judgment was dismissed with prejudice at a show cause hearing in March 2023.

12      Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Washington.

13  It was denied.  The Washington Court of Appeals and the Supreme Court of Washington, pursuant

14  to the Rules of Appellate Procedure ("RAP") 16, adjudicate "personal restraint petitions" in lieu

15  of habeas corpus.

16      Petitioner subsequently discovered that, pursuant to the RAP, neither the Washington

17  Court of Appeals not the Supreme Court of Washington may grant a writ of habeas corpus nor a

18  personal restraint petition regarding a civil unlawful imprisonment by Family Court.

19      A.R.W. has been imprisoned against his will in Owen's home since September 2021.  He

20  has twice tried running away to come home to his father, the first time on July 6, 2022, the last

21  time on January 23, 2023.  Each time, Seattle Police Department ("SPD") officers have returned

22  A.R.W. to Owen's home, ignoring evidence of Owen's perjury, child abuse, custodial interference,

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 7 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

reckless endangerment, coercion, false statements to public officials, felony theft, and extortion.

The events of the previous twenty months were not merely isolated mistakes and oversights by public officials. Any rational consideration of what has transpired will adduce an ongoing conspiracy, in derogation of the Constitution and the Civil Rights Act of 1964, to violate the First Amendment prohibitions against infringements upon the father-son relationship of Petitioner and A.R.W., restraints constituting their unlawful imprisonment at common law and pursuant to state statute.

## V.    ISSUES WARRANTING WRIT

### A. Impairing the Obligation of Contracts

*1) Parenting Agreement at Common Law*

The twelve-year parenting agreement at common law between Owen and Benshoof was effectively nullified by Family Court's *ultra vires* imposition of Revised Code of Washington Title 26 Domestic relations upon petitioners' familial relations. This was perpetrated knowingly and willfully in joint action with the fraud, perjury and barratry of Owen, by and through her family law attorney, Cliber.

### B. Superior Court First Amendment Violations

*1) Religious Discrimination*

Public servants are constitutionally prohibited from discriminating against litigants, yet Family Court, court clerks, and sheriff deputies working in King County Superior Courthouse discriminated against Petitioner's religious beliefs; he was barred from entering courtrooms and accessing case records from the clerk's office from November 2021 through February 2023.

*2) Freedom of Expression*

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 8 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Public servants are constitutionally prohibited from discriminating against litigants, yet Petitioner's maskless face was the pretext by which public officials of King County Superior Courthouse, including Family Court, denied Petitioner entrance and access.

   *3)  Right to Petition for Redress*

Public servants are constitutionally prohibited from violating a citizen's right to petition for redress.  Preventing Petitioner from accessing case records irreparably harmed Petitioner's ability to seek redress for the grievances inflicted upon him and A.R.W.  Similarly, preventing Petitioner from entering Family Court in person infringed upon Petitioner's ability to seek redress.

   *4)  Abrogation of Right of Association*

Public servants are constitutionally prohibited from abrogating the right of a father and son to associate, absent due process and just cause showing that petitioner had ever harmed A.R.W., or that Petitioner was unfit.  Petitioner has never harmed his son and is a devoted and loving father.

**C.  Right to Trial by Jury**

Public servants are constitutionally prohibited from denying a citizen a trial by jury when the citizen's life, liberty and property are imperiled.  Petitioner, beginning in November 2021, repeatedly demanded on the record that he be afforded a jury trial if Family Court proceeded to force him to appear for trial, under the threat, duress and coercion of never seeing his son again.  Petitioner's constitutional challenges were repeatedly denied.

**D.  Due Process Violations**

   *1)  Subject Matter Jurisdiction*

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 9 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

Family Courts are constitutionally prohibited from adjudicating without subject matter jurisdiction. Courts have a duty to ensure that subject matter jurisdiction has been established on the record. Family Court disregarded both provisions.

Challenges to lack of subject matter jurisdiction can be made at any time; once challenged, it is a threshold issue that must be re-established on the record by providing evidence to the Court, an impartial trier of fact. However, Family Court proceeded against Petitioner's rights as the father of A.R.W. in clear absence of subject matter jurisdiction.

2) *Access to Case Records*

Public servants are constitutionally prohibited from denying a named party in an ongoing legal action access to case records from the clerk's office. However, that is what public servants of King County Superior Courthouse perpetrated against Petitioner. Sheriff deputies, armed with deadly weapons, enforced the restraints upon Petitioner's liberties.

3) *Criminalization of Washington Civ. R. 4*

Family Court was constitutionally prohibited from criminalizing the use of federal marshals to serve summons upon a named party in a valid court action. However, that is what Family Court perpetrated against Petitioner through void restraining orders, which were forwarded to the City of Seattle for enforcing restraints upon Petitioner's liberty.

4) *Trial In Absentia*

Family Court was constitutionally prohibited from holding trials, in absence of jurisdiction, without affording Petitioner the opportunity to appear. However, that is what Family Court perpetrated on October 21, 2022.

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 10 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

**E.  Constitutional Safeguard of Habeas Corpus**

*1)  Revised Code of Washington 7.36 Habeas Corpus*

King County Superior Court was statutorily mandated to grant Petitioner's writ of habeas corpus upon application yet denied his petition.

*2)  Washington Supreme Court Suspension of Habeas Corpus*

Public officials are constitutionally prohibited from suspending the writ of habeas corpus, except in cases of invasion or rebellion.  However, that is what the Supreme Court of Washington has effectively done through the judicial construction and implementation of the Rules of Appellate Procedure; the Court circumvented legislative and executive authority under the limited provisions of RCW 2.04.200.

## VI.    CONCLUSION

Therefore, petitioners request that this Court expeditiously grant the following relief in the issuance of a writ of habeas corpus to prevent further irreparable harms to A.R.W. and his father:

1)  Command the production of A.R.W. before this Court to speak on his own behalf within three (3) days of service of process, and

2)  Command Respondent Jessica Owen to make Return upon this writ, denying or affirming the facts set forth herein within three (3) days of service, and

3)  Command Respondent David Keenan to make return upon this writ, denying or affirming the facts set forth herein within three (3) days of service, and

4)  Command Respondent Adrian Diaz to make return upon this writ, denying or affirming the facts set forth herein within three (3) days of service, and

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 11 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

5) Set a hearing day and time for the examination of the issues raised herein within five (5)

days if, upon sworn affidavit a named respondent denies petitioner's verified statements.

Or any other relief to which petitioner is entitled.


**VERIFICATION**

I, Kurt Benshoof, do hereby declare that the foregoing is true and correct to the best of my

knowledge under penalty of perjury in the State of Washington.

Executed this 19th day of May in the year 2023, in the city of Seattle, in the county of

King, in the state of Washington.


By: _____
       Kurt Benshoof, *Pro Se*

       kurtbenshoof@gmail.com
       1716 N 128th Street
       Seattle, WA 98133
       Phone: (206) 460-4202


_____
       NOTARY PUBLIC


VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 12 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com

# CERTIFICATE OF SERVICE

On May 22, 2023 I, Kurt Benshoof, did serve via email the following

Respondents Verified Petition for Common Law Writ of Habeas Corpus, Brief in

Support of Verified Petition for Common Law Writ of Habeas Corpus, Affidavit of

Benshoof in Support of Verified Petition for Common Law Writ of Habeas

Corpus, and Exhibits P1-23, P24-29.


Respondent Adrian Diaz
Attorney: Dallas LePierre
City of Seattle Attorney
Dallas.lePierre@seattle.gov

Respondent Jessica Owen
Attorney: Blair Russ
bmr@tbr-law.com

Respondent David Keenan
Keenan.court@kingcounty.gov


On May 22, 2023

Kurt A. Benshoof

VERIFIED PETITION FOR
COMMON LAW WRIT OF HABEAS CORPUS
Page 13 of 13

Kurt Benshoof, Petitioner
1716 N 128th ST
Seattle, Washington 98133
(206) 460-4202
kurtbenshoof@gmail.com