HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KURT BENSHOOF,

    Plaintiff,

v.

DAVID KEENAN, *et al*.,

    Defendants.

Case No. C23-751-RAJ

**ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

### I. INTRODUCTION

This matter comes before the Court on *pro se* Plaintiff's Motion for a Temporary Restraining Order ("TRO"). Dkt. # 15. For the reasons that follow, the Court **DENIES** Plaintiff's motion and dismisses the habeas petition.

### II. DISCUSSION

**A. Dismissal for lack of jurisdiction**

A judge ... may dismiss an action sua sponte for lack of jurisdiction." *Franklin v. State of Or., State Welfare Div*., 662 F.2d 1337, 1342 (9th Cir. 1981); see also Fed. R. Civ. P. 12(h)(3). Having reviewed the complaint, the record, and the applicable law, the Court concludes there is no jurisdiction to hear this petition. The record shows that a final order granting child custody to Defendant Owen was entered in October 2022 and

ORDER – 1

Plaintiff's prior appeals in state court for habeas relief have been denied. Dkt. # 18-1 at 2, 23, 27.

It is well-settled that federal district courts have no jurisdiction over child custody issues, which are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."). Although styled as a habeas petition, Plaintiff's allegations here raise issues of child custody. Federal habeas corpus has never been available to challenge parental rights or child custody. *See Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 511 (1982). A federal habeas petition challenging a state's child-custody determination simply seeks to relitigate the petitioner's interest in his or her own parental rights. *See id*. A federal court has no jurisdiction to relitigate these interests; and federal courts are not courts of appeal from state decisions. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486 (1983). Accordingly, the petition is **DISMISSED** for lack of jurisdiction.

**B. Temporary restraining order**

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).[1] To obtain a TRO, Plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

Having found no jurisdiction to hear this petition, the Court finds that Plaintiff has not established a likelihood of success on the merits, irreparable harm in the absence of a TRO, that the balance of equities tips in his favor, or that an injunction is in the public interest. Therefore, the Court **DENIES** Plaintiff's Motion for a TRO. Dkt. # 15.

---

[1] The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 (1977).

ORDER – 2

### III. CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion for a Temporary Restraining Order ("TRO") and dismisses the habeas petition with prejudice. Dkt. # 15.

DATED this 12th day of June, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3